George W. Hunter, Appellee, v. A. J. Hanson, Appellant.

EVIDENCE—*how proof of whereabouts of party made.* It is not competent to prove the whereabouts of a party at a particular time by testimony as to the fact that a letter had been received from him from a particular place at such time. The letter itself, with the envelope and postmark, should be introduced.

Foreclosure. Appeal from the Circuit Court of Williamson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed November 13, 1909.

CLEMENS & SLATER and PILLOW, SMITH & STONE, for appellants.

ED. M. SPILLER, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

On September 15, 1905, the appellee, in consideration of one dollar, gave to Puckett, Hanson & Co. an option to purchase a farm of one hundred and fourteen acres in Williamson county at the price of one hundred and twenty-five dollars an acre to be paid as follows: One thousand dollars October 5, 1905; four thousand dol-

lars January 1, 1906, and balance on January 1, 1907, to be secured by note and mortgage at seven per cent interest. Appellee was to convey by good and sufficient deed subject to a decree of two thousand dollars to two thousand five hundred dollars, and also to a lease.

When this option expired on October 5, appellee gave an extension for thirty days on condition Puckett, Hanson & Co. would pay and discharge the above decree by October 7.

On the back of this option and extension appears an assignment of all rights thereunder to A. J. Hanson by T. G. Puckett. On November 4, 1905, appellee and wife entered into a written agreement with appellant, A. J. Hanson, reciting that in consideration of fourteen thousand two hundred and fifty dollars to be paid, one thousand cash the receipt of which was acknowledged, two thousand dollars, March 1, 1906, the last two thousand dollars to draw interest at seven per cent from January 1 to March 1, 1906, and the balance of purchase money to be paid January 1, 1907, they agreed to convey by good title to appellant Hanson the one hundred and fourteen acres, describing it. In this agreement appellee and wife reserved the surface of twenty acres where the dwelling house stood on the south side of the south forty, and if the one-half acre comprising a graveyard should not be in the twenty acres, it was reserved.

On the back of this agreement which was signed and sealed by all the parties to it was an acknowledgment of the receipt of five hundred dollars by appellee and an extension on the remainder of two thousand dollars due January 1, until January 8, 1906.

Prior to the execution of the above agreement on November 4, 1905, appellee and wife had conveyed to one C. E. McClintock a strip of surface along the entire west side of the premises described in the agreement, for a right of way for the Missouri Pacific Railroad Company. This deed of conveyance was recorded on

the records of Williamson county October 23, 1907, and was not mentioned in any of the agreements above set forth between the parties.

When the deferred payment of two thousand dollars of March 6, 1906, came due, Hanson made default and appellee, on March 9, notified him and requested payment in twenty days; and also that he had deposited in bank a warranty deed to the premises with instructions to deliver it upon the payment of the two thousand dollars due March 6, with interest, and execution by Hanson of a note and mortgage for a deferred payment of nine thousand two hundred and fifty dollars, and that if Hanson failed to make payment in twenty days, the agreement would be forfeited.

On March 28, following, Hanson sent a written notice to appellee and wife stating he had examined the deed and that it was in violation of the agreement; that he had not described all the land; that he had sold the fifty feet hereinbefore described; that appellee could not make him a conveyance according to the agreement and that he was damnified; that he had legal advice and had concluded in order to avoid litigation relating to the execution and delivery of the deed, to make payment of the two thousand dollars and interest and take up the deed and leave the mortgage (which is the one here foreclosed) for the remainder of the purchase money.

The notice further stated Hanson was not releasing appellee from any damages resulting from appellee failing to convey all the land described in the agreement and that he would assert his rights in the premises.

This deed as a matter of fact excepted the fifty-foot strip conveyed as hereinbefore stated by appellee and wife to the Missouri Pacific Railroad Company and Hanson did pay the money, take up the deed, and execute the mortgage.

Hanson made payment of the two thousand dollars and interest and executed the note and mortgage but

before signing the note and to prevent appellee from transferring it, he changed it by inserting "This note is non-negotiable and void in the hands of third parties." Appellee refused the note so changed; filed a bill to cancel the deed which was not finally tried as the matter was adjusted by executing a note with the above words eliminated.

The note is for the sum of nine thousand two hundred and fifty dollars, bears date of March 1, 1906, is payable January 1, 1907. The deed executed by appellee and received by Hanson conveying the premises, and the mortgage executed by Hanson to secure the above described note excepted the fifty-foot strip of ground conveyed as hereinbefore stated by appellee and wife to the Missouri Pacific Railroad Company.

In December, 1906, the "Uncle Sam Coal Co." was incorporated by Hanson and others and on the 17th of the same month Hanson conveyed to the company the lands described.

Default being made in payment of the note of Hanson, appellee filed his bill in this cause to foreclose the mortgage making Hanson, Uncle Sam Coal Co. and other defendants, parties. Hanson answered the alleged breach of appellee in failing and refusing to convey by his deed to him the fifty-foot strip as he agreed to do by his option contract and extension, and sought to recoup the damages claimed for the breach. The other defendants to the bill made default. Upon a hearing the chancellor found the equities against Hanson and in favor of appellee and rendered a decree for foreclosure as prayed, from which Hanson appeals.

The cause was heard upon the testimony of the witnesses before the court and the evidence was confined to the questions whether Hanson had waived the right to have the fifty-foot strip which had not been excepted in his contract of purchase conveyed to him, and whether there was any right of recoupment, and the measure of damages.

While by the terms of the option contract of November 4, 1905, the fifty-foot strip was not excepted, the question arises whether he has or has not waived the right to insist upon it and to claim damages for its non-performance. Upon this question the testimony is conflicting.

Appellee Hunter testified that before executing the agreement of November 4, 1905, he told appellant Hanson that he had made the deed conveying the fifty-foot strip to McClintock, and that Hanson replied in substance that he thought it would be more of a benefit than damage to him. It was further testified by the witness Dial that in a conversation with Hanson at the house of Hunter prior to the execution of that agreement, the conveyance of the fifty-foot strip was discussed and Hanson made no objection but said he was glad the strip was conveyed and he would rather have two railroads there. This testimony is denied by Hanson but it is quite clear from the evidence that at the time of the execution of the agreement on November 4, 1905, he knew of the conveyance.

Appellee further testified that about January 1, 1907, when the final payment became due under said agreement, appellee and Hanson met in the office of Denison and Spiller in Marion, when Hanson claimed damages for the fifty-foot strip; that Hanson wanted the time of that payment extended and proposed if appellee would extend the time he would make a new note leaving out the clause of non-negotiability (which he had inserted in the old note) and release appellee from a damage suit that was pending and that appellee did extend the time as requested by Hanson and Hanson executed a new note. This testimony is corroborated by the witness Denison.

Appellant Hanson denies his presence in Marion and at the office of Denison and Spiller at that time; states he was then at Rockford, Illinois, where he signed the new note which had been sent him there. He denies there was any such agreement as that testified to by

appellee and Denison and in this he is corroborated by the witnesses William Huddleston and A. J. Hudgins. The cause was heard upon the oral testimony of the witnesses examined in open court and the chancellor saw them on the witness stand and heard them testify and the finding must be accepted as conclusive unless it clearly appears to be against the weight of the evidence. We have carefully considered all the evidence as it bears upon the alleged transaction in the office of Denison and Spiller and we are unable to say the finding is so clearly against the weight of the evidence it should be disturbed. The testimony on behalf of appellee taken as true, that appellee agreed to extend the time of the payment of the last note due under the agreement, and that Hanson agreed to release appellee from the payment of damages, was an agreement upon sufficient consideration to waive all claims for damages.

Upon the examination of Gordon Pillow, a witness for defendant, as bearing on the question whether Hanson was in Marion at the time of the alleged agreement in Spiller and Denison's office, the witness was asked by appellant's counsel this question, "You may state if you received a letter from him while he was away," to which the court sustained an objection. This is assigned as error. If it was sought to prove appellant's whereabouts at a particular time by proof that a letter had been received from him, the letter itself with the envelope and postmark would have been the best evidence of the fact and there was no offer to make this proof. The court did not err in sustaining the objection.

The only other alleged error noticed in appellant's brief is upon an objection sustained by the court to a question upon the measure of damages which in view of the conclusions reached in this opinion it is not necessary to consider, nor is it necessary to consider

the question of recoupment. Finding no error the decree of the Circuit Court is affirmed.

*Affirmed.*

MR. JUSTICE DUNCAN took no part in the decision of this case.